Michael M. Plotkin – SBN 038170
E-Mail: mplot1@aol.com
Law Offices of Michael M. Plotkin
1801 Avenue of the Stars, Suite 801
Los Angeles, California 90067-5890
Telephone   : (310) 551-4900
Facsimile    : (310) 551-0707

Charles M. Coate – SBN 140404
E-Mail: ccoate@cacllp.com
Costa Abrams & Coate, LLP
1221 Second Street, Third Floor
Santa Monica, California 90404
Telephone   : (310) 576-6161
Facsimile    : (310) 576-6160

Attorneys for Defendants 144942 CANADA INC. dba
KAYTEL VIDEO DISTRIBUTION; ALAIN ELMALEH
and LEISURE TIME VIDEO CANADA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES JORDAN VIDEO, INC., a California corporation and ASHLEY GASPER, an individual,<br><br>              Plaintiffs,<br><br>        vs.<br><br>144942 CANADA INC., a Canadian corporation dba KAYTEL VIDEO DISTRIBUTION; ALAIN ELMALEH an individual; LEISURE TIME VIDEO CANADA, INC., a Canadian corporation; and DOES 1 through 10 Inclusive,<br>                Defendants. | Case No. CV-05-6771 SJO (JTLx)<br>Consolidated with: Case  No. CV-05-0517 SJO (JTLx) and Case No. CV-05-6769 SJO (JTLx)<br><br>NOTICE OF APPEAL BY DEFENDANTS<br><br>[Including the following:<br>(1)  Representation Statement pursuant to Circuit Rule 3-2 and FRAP 12(b)] |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants 144942 Canada Inc. dba Kaytel Video Distribution, Alain Elmaleh and Leisure Time Video Canada, Inc. (the "Appellants") hereby appeal to the United States Court of Appeals for the Ninth Circuit from that portion of the Plaintiff's Judgment entered in this action on March 29, 2011, which provides as follows:

"1.    That plaintiffs Jules Jordan Video, Inc. and Ashley Gasper ("Gasper") (collectively, "Plaintiffs") prevail on all of their copyright infringement claims asserted against defendants 144942 Canada Inc. dba Kaytel Video Distribution ("Kaytel"), Alain Elmaleh ("Elmaleh"), and Leisure Time Video Canada, Inc. ("Leisure Time") (collectively, "Defendants").

2.    That Plaintiffs shall recover damages for their claims of copyright infringement in the amounts of $390,000.00 against Kaytel, $390,000.00 against Leisure Time, and $1,820,000.00 against Elmaleh.

3.    That Defendants prevail on plaintiff Gasper's claim for violation of his right of publicity.

IT IS SO ADJUDGED.

Dated: March 29, 2011          (Signed) S. JAMES OTERO
                               Hon. S. James Otero
                               United States District Court Judge"

A true and correct copy of said Plaintiff's Judgment is attached hereto as Exhibit "A" and, by this reference, incorporated herein as though fully set forth at length.

///

///

PLEASE TAKE FURTHER NOTICE that following the entry of Judgment on March 29, 2011, Defendants/Appellants filed a timely motion (filed pursuant to FRCP Rule 59) for a New Trial or, in the Alternative, to Alter or Amend the Judgment.   On June 27, 2011, the District Court entered its Order denying Defendants/Appellants said motion.

PLEASE TAKE FURTHER NOTICE that Defendants hereby appeal from the Court Order entered on June 27, 2011, as Docket Entry #165 denying Defendants' timely Motion (filed pursuant to FRCP Rule 59) for a New Trial or, in the Alternative, to Alter or Amend the Judgment. A true and correct copy of the Minutes of  In Chambers Order Denying Defendants' Motion for a New Trial, or Alternatively, Motion to Alter or Amend a Judgment held before The Honorable Judge S. James Otero is attached hereto as Exhibit "B" and by this reference, incorporated herein as though fully set forth at length.

PLEASE TAKE FURTHER NOTICE that pursuant to Circuit Rule 3-2 and FRAP 12(b), a representation statement is attached hereto as Exhibit "C" and by this reference, incorporated herein as though fully set forth at length.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

Concurrently herewith, the Representation Statement, is being filed separately but for the Court's convenience, this document is being attached as Exhibit C to this Notice of Appeal.


Dated:  July 25, 2011                    LAW OFFICES OF MICHAEL PLOTKIN
                                         COSTA ABRAMS & COATE, LLP


                                         By: _____/s/ Michael M. Plotkin_____
                                                  Michael M. Plotkin
                                         Attorneys for Defendants 144942 Canada
                                         Inc. dba Kaytel Video Distribution, Alain
                                         Elmaleh and Leisure Time video Canada,
                                         Inc.

EX. A

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES JORDAN VIDEO, INC., a California corporation and ASHLEY GASPER, an individual, | Case No. CV 05-6771 SJO (JTLx) |
| Plaintiffs, | CONSOLIDATED WITH: Case No. SA CV-05-0517 SJO (JTLx) Case No. CV-05-6769 SJO (JTLx) |
| vs. | |
| 144942 CANADA, INC., a Canadian corporation, dba KAYTEL VIDEO DISTRIBUTION, et al., | **PLAINTIFFS' JUDGMENT** |
| Defendants. | |
| | Formal Mandate issued:     11/17/10 |
| AND CONSOLIDATED CASES. | |

This action came on for jury trial, the Honorable S. James Otero presiding, the issues having been duly tried and the jury having rendered its verdict, and the United States Court of Appeals for the Ninth Circuit having issued its Mandate,

///

///

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.      That plaintiffs Jules Jordan Video, Inc. and Ashley Gasper ("Gasper") (collectively, "Plaintiffs") prevail on all of their copyright infringement claims asserted against defendants 144942 Canada Inc. dba Kaytel Video Distribution ("Kaytel"), Alain Elmaleh ("Elmaleh"), and Leisure Time Video Canada, Inc. ("Leisure Time") (collectively, "Defendants").

2.      That Plaintiffs shall recover damages for their claims of copyright infringement in the amounts of $390,000.00 against Kaytel, $390,000.00 against Leisure Time, and $1,820,000.00 against Elmaleh.

3.      That Defendants prevail on plaintiff Gasper's claim for violation of his right of publicity.

**IT IS SO ADJUDGED.**

Dated: March 29, 2011

_S. James Otero_
_____
Hon. S. James Otero
United States District Court Judge

Case No. CV-05-0517 SJO (JTLx)

[PROPOSED] JUDGMENT

EX. B

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

CASE NO.:  CV 05-6771  SJO (JTLx)
           CV 05-0517  SJO (JTLx)
           CV 05-6769 SJO (JTLx)

DATE:  June 27, 2011

TITLE:     Jules Jordan Videos, Inc., et al. v. Kaytel Video Distrib., et al.

=========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                    Not Present
Courtroom Clerk                     Court Reporter

COUNSEL PRESENT FOR PLAINTIFFS:     COUNSEL PRESENT FOR DEFENDANTS:

Not Present                         Not Present

=========================================================================
PROCEEDINGS (in chambers): ORDER DENYING DEFENDANTS' MOTION FOR A NEW
TRIAL, OR ALTERNATIVELY, MOTION TO ALTER OR AMEND A JUDGMENT   [Docket
No. 162][1]

This matter is before the Court on Defendants 144942 Canada Inc. d/b/a Kaytel Video Distribution
("Kaytel"), Leisure Time Video Canada, Inc. ("Leisure Time"), and Alain Elmaleh's ("Elmaleh")
(collectively "Defendants") Motion for New Trial, or Alternatively, Motion to Alter or Amend
Judgment ("Motion"), filed on May 31, 2011. (Docket No. 164.)  Plaintiffs Jules Jordan Video, Inc.
("JJV") and Ashley Gasper ("Gasper") filed an Opposition to the instant Motion on May 09, 2011.
Defendants chose not to file a Reply.  The Court found this matter suitable for disposition without
oral argument and vacated the hearing set for May 31, 2011. *See* Fed. R. Civ. P. 78(b).  For the
following reasons, Defendants' Motion is DENIED.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The factual background for the instant matter is not in dispute.   Gasper is an adult movie actor
who started making adult films in 1994. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d
1146, 1150 (9th Cir. 2010).  In 2001, he formed JJV, a corporation through which Gasper wrote,
produced, directed and performed in his own films. *Id.*  Gasper retained sole ownership of the
company as president and sole shareholder of JJV. *Id.*  In spring 2005, John Stagliano, Inc.
("JSI"), JJV's former distribution partner, noticed a higher rate of return for Gasper's films. *Id.*
Upon investigation, JJV and JSI discovered that the unusual returns were due to the circulation
of counterfeit copies of Gasper and JJV's films. *Id.*  Multiple entities were responsible for the

---

[1] The individual cases asserted by the three plaintiffs were consolidated into one judgment,
as evidenced by the consolidated judgment on claims brought by Stagliano, JJV and
Gasper.  (Docket No. 99.)  The docket cited throughout this order is from case number
CV 05-6771.

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 05-6771  SJO (JTLx)</u>        DATE: <u>June 27, 2011</u>
<u>CV 05-0517  SJO (JTLx)</u>
<u>CV 05-6769 SJO (JTLx)</u>

replication and distribution of Gasper's films.  *Id.*  Gasper, JJV and JSI filed suit against the infringers, including Kaytel, the company that fraudulently produced and distributed the counterfeit films and Elmaleh, Kaytel's majority shareholder and owner.  *Id.*  They also sued Leisure Time, a major adult entertainment distributor in the Canadian market that is a subsidiary of 2918919 Canada, Inc., another entity formed by Elmaleh.  *Id.*

Plaintiffs asserted a myriad of claims, including trademark infringement, copyright infringement, and violation of Gasper's right to publicity.  Plaintiffs filed their Complaint against Defendants on September 15, 2005.  Given the numerosity of parties and allegations, the court consolidated the respective cases on February 27, 2006.  On September 4, 2007, the Court granted Defendants' Motion for Judgment as a Matter of Law against Gasper, JJV and JSI.  Thereafter, the Court rendered a consolidated judgment on November 26, 2007, against the Defendants for JSI's trademark infringement claim and Gasper's claim for violation of his right to publicity.  After entry of judgment, both parties appealed.  The mandate from the Ninth Circuit reversing, remanding, and reinstating the Court's decision was filed on December 15, 2010.  On remand, the Court held in favor of Plaintiffs with regard to the copyright infringement claims, awarding individual statutory damages against each Defendant for the willful infringement of each of Plaintiffs' thirteen works.

On March 31, 2011, the Court awarded damages against each defendant as such: (1) $390,000 against Kaytel; (2) $390,000 against Leisure Time; and (3) $1,820,000 against Elmaleh.  Defendants prevailed on Gasper's claim for violation of his right of publicity.  The instant Motion was filed by Defendants on April 26, 2011.  (Docket No. 162.)  Plaintiffs lodged an Opposition to the instant Motion on May 09, 2011.

Defendants assert three bases for their Motion: (1) Plaintiffs' judgment is facially flawed; (2) Defendants have been determined to be joint tortfeasors; and (3) the amount of statutory damages against each Defendant is in excess of the limit imposed under 17 U.S.C. § 504(c).  (*See generally* Mot.)  Plaintiffs argue that Defendants' Motions should be denied because, upon entry of judgment without dispute, Defendants effectively waived their rights to raise new arguments post trial.  (Pls.' Opp'n 3:17-19.)   Additionally, Plaintiffs argue that the Ninth Circuit found the issues of excessive damages and joint and several liability moot.  *Jules Jordan Video*, 617 F.3d at 1160.

II.    <u>DISCUSSION</u>

       A.    <u>Rule of Mandate</u>

"The [R]ule of [M]andate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006).  The Supreme Court has long emphasized that, when executing a mandate,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**   CV 05-6771  SJO (JTLx)          **DATE:**  June 27, 2011
              CV 05-0517  SJO (JTLx)
              CV 05-6769 SJO (JTLx)

"an inferior court cannot vary it or examine it . . . or intermeddle with it further than to settle so much as has been remanded." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S. Ct. 291, 293 (1895); *see also Firth v. United States*, 554 F. 2d 990, 993 (9th Cir. 1977) ("When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court."). A district court, however, is "free [to decide] as to anything not foreclosed by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision." *United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000).

For the case at hand, the unquestionable commandment of the Ninth Circuit is for the "jury verdict in favor of JJV and Gasper based on copyright infringement [to be] REINSTATED." *Jules Jordan Video*, 617 F.3d at 1160. The jury awarded "$30,000 in statutory damages for each of the thirteen DVD's against Kaytel, for each DVD against Leisure Time and $140,000 for each DVD against Elmaleh." *Id.* at 1151. On remand from the Ninth Circuit, the Court did exactly what the Court of Appeals instructed. The Court entered judgment in favor of Plaintiffs on the copyright infringement claim that allowed Plaintiffs to recover "in the amounts of $390,000 against Kaytel, $390,000 against Leisure Time, and $1,820,000 against Elmaleh." *Id.* at 1157.

The Rule of Mandate precludes the Court from varying, or even examining, the Ninth Circuit's commandment to reinstate the jury verdict on the copyright infringement claim. *See In re Sanford Fork & Tool Co.*, 160 U.S. at 255. Reviewing and granting Defendants' Motion, which attacks the Ninth Circuit's opinion and mandate, would undoubtedly run afoul of the Rule of Mandate. (*See* Mot. 9:8-10 (describing the Ninth Circuit's decision as "glib opinions").) It is not this Court's place to question the soundness or wisdom of the Ninth Circuit's mandate. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority has no choice but to follow it, even if convinced that such authority was wrongly decided.").

Accordingly, Defendants' Motion for a New Trial, or Alternatively, Motion to Amend or Alter Judgment is DENIED. "At some point, litigation must come to an end. That point has now been reached." *Facebook, Inc. V. Pac Nw. Software, Inc.*, ___ F.3d ___, 2011 WL 1843509, at *7 (9th Cir. 2001).

III.   RULING

For the foregoing reasons, Defendants' Motion for a New Trial, or Alternatively, and Motion to Amend or Alter Judgment is **DENIED**.

IT IS SO ORDERED.

EX. C

Michael M. Plotkin – SBN 038170
E-Mail: mplot1@aol.com
Law Offices of Michael M. Plotkin
1801 Avenue of the Stars, Suite 801
Los Angeles, California 90067-5890
Telephone   :  (310) 551-4900
Facsimile    :  (310) 551-0707

Charles M. Coate – SBN 140404
E-Mail:  ccoate@cacllp.com
Costa Abrams & Coate, LLP
1221 Second Street, Third Floor
Santa Monica, California 90404
Telephone  :  (310) 576-6161
Facsimile    :  (310) 576-6160
Attorneys for Defendants 144942 CANADA INC. dba
KAYTEL VIDEO DISTRIBUTION; ALAIN ELMALEH
and LEISURE TIME VIDEO CANADA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES JORDAN VIDEO, INC., a a California corporation and ASHLEY GASPER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>144942 CANADA INC., a Canadian corporation dba KAYTEL VIDEO DISTRIBUTION; ALAIN ELMALEH an individual; LEISURE TIME VIDEO CANADA, INC., a Canadian corporation; and DOES 1 through 10 Inclusive,<br>                Defendants. | Case No. CV-05-6771 SJO (JTLx) Consolidated with: Case  No. CV-05-0517 SJO (JTLx) and Case No. CV-05-6769 SJO (JTLx)<br><br>REPRESENTATION STATEMENT PURSUANT TO NINTH CIRCUIT RULE 3-2 |

Pursuant to Ninth Circuit Rule 3-2, Defendants 144942 Canada Inc. dba Kaytel Video Distribution, Alain Elmaleh and Leisure Time Video Canada, Inc. (the "Appellants") hereby submit this Representation Statement identifying all parties to this action, along with the names, addresses and telephone numbers of their respective counsel.

Plaintiffs/Appellees Jules Jordan
Video, Inc. and Ashley Gasper

Defendants/Appellants 144942
Canada Inc. dba Kaytel Video
Distribution, Alain Elmaleh, Leisure
Time Video Canada, Inc.

Gary Gorham, Esq.
LEADER GORHAM LLP
1990 S. Bundy Drive, Suite 390
Los Angeles, California 90025
Telephone:  (310) 696-3300
Facsimile:  (310) 696-3305
E-mail    :  ggorham@lkglaw.com

Michael M. Plotkin, Esq.
LAW OFFICES OF MICHAEL M.
PLOTKIN
1801 Avenue of the Stars, Suite 801
Los Angeles, California 90067
Telephone:  (310) 551-4900
Facsimile :  (310) 551-0707
E-mail    :  mplot1@aol.com

Charles M. Coate, Esq.
COSTA ABRAMS & COATE, LLP
1221 Second Street, 3rd Floor
Santa Monica, California 90404
Telphone: (310) 576-6161
Facsimile: (310) 576-6160
E-mail   : ccoate@cacllp.com

Dated:  July 25, 2011

LAW OFFICES OF MICHAEL PLOTKIN
COSTA ABRAMS & COATE, LLP

By:  ___/s/ Michael M. Plotkin_____
         Michael M. Plotkin
Attorneys for Defendants 144942 Canada
Inc. dba Kaytel Video Distribution, Alain
Elmaleh and Leisure Time video Canada,
Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1221 Santa Monica, Third Floor,I Santa Monica, California 90404.

      On  July 25, 2011, I served the foregoing document described as: **REPRESENTATION STATEMENT** on all interested parties in this action by placing a true copy  thereof enclosed in sealed envelopes addressed as follows:

Gary Gorham, Esq.
LEADER  GORHAM LLP
1990 S. Bundy Drive, Suite 390
Los Angeles, California 90025

  __X__  (BY MAIL)    I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

_____  (BY FACSIMILE) I transmitted the foregoing document(s) from facsimile machine telephone number (310) 576-6160.  The transmission was reported as complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

__X__  (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on July 25, 2011, in Los Angeles, California.

| | |
|---|---|
|   CHARLES M. COATE_____ | _____/s/ Charles M. Coate_____ |
|   (Type or Print Name) | Signature |

1

# PROOF OF SERVICE

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4       I am employed in the County of Los Angeles, State of California.  I am over the
5   age of 18 and not a party to the within action; my business address is:  1221 Second
    Street, Third Floor, Santa Monica, California 90404.
6

7       On July 25, 2011, I served the foregoing documents described as:
    **NOTICE OF APPEAL BY DEFENDANTS** on all interested parties in this action by
8   placing a true copy  thereof enclosed in sealed envelopes addressed as follows:

9       Gary J. Gorham, Esq.
        LEADER GORHAM LLP
10      1990 South Bundy Drive, Suite 390
        Los Angeles, California 90025
11

12    X    (BY MAIL)    I am readily familiar with the business practice for collection
            and  processing  of  correspondence  for  mailing  with  the  United  States  Postal
13          Service.  This correspondence shall be deposited with the United States Postal
            Service this same day in the ordinary course of business at our firm's office
14          address in Los Angeles, California.  Service made pursuant to this paragraph,
            upon  motion  of  a  party  served,  shall  be  presumed  invalid  if  the  postal
15          cancellation date of postage meter date on the envelope is more than one day
            after the date of deposit for mailing contained in this affidavit.
16

17
            (BY FACSIMILE) I transmitted the foregoing document(s) from facsimile machine
18          telephone number (310) 576-6160.  The transmission was reported as complete
            and without error, and a record of the transmission was properly issued by the
19          transmitting facsimile machine.

20
      X     (FEDERAL)   I declare that I am employed in the office of a member of the bar of
21          this court at whose direction the service was made.

22
            I declare under penalty of perjury under the laws of the United States that
23   the above is true and correct.  Executed on July 25, 2011, in Santa Monica, California.

24

25

26    CHARLES M. COATE                        /s/ Charles M. Coate
            (Type or Print Name)                   Signature
27

28