A-11 (rev. 7/00)                                                                                        Page 1 of 2



USCA DOCKET # (IF KNOWN)

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | DISTRICT: Central | | JUDGE: Hon. S. James Otero |
|---|---|---|---|
| JULES JORDAN VIDEO, INC., a California corporation and ASHLEY GASPER, an individual, Plaintiffs, v. 144942 CANADA, INC., a Canadian corporation, dba KAYTEL VIDEO DISTRIBUTION, LEISURE TIME VIDEO CANADA, INC. and ALAIN ELMALEH, an individual, Defendants. | DISTRICT COURT NUMBER: CV 05-6771 SJO (JTLx) | | |
| | DATE NOTICE OF APPEAL FILED: July 25 , 2011 | IS THIS A CROSS APPEAL? ☐ YES | |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): O8-55126; 617 F. 3d 1146 | | |

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:

Copyright Infringement - "Plaintiffs shall recover damages for their claims of copyright infringement in the amounts of $390,000 against Kaytel, $390,000 against Leisure Time, and $1,820,000.00 against Elmaleh."

Right of Publicity - "That Defendants prevail on plaintiff Gasper's claim for violation of his right of publicity."

PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:

See attached Supplement hereto.

PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):

Order Denying Defendants' Motion For a New Trial, Or Alternatively, Motion to Alter or Amend a Judgment dated June 27, 2011

DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:

☐ Possibility of Settlement
☐ Likelihood that intervening precedent will control outcome of appeal
☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify)

☐ Any other information relevant to the inclusion of this case in the Mediation Program

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

## LOWER COURT INFORMATION

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |

**JURISDICTION**

**FEDERAL**

- [X] FEDERAL QUESTION
- [ ] DIVERSITY
- [ ] OTHER (SPECIFY):

**APPELLATE**

- [X] FINAL DECISION OF DISTRICT COURT
- [ ] INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT
- [ ] INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):
- [ ] OTHER (SPECIFY):

**TYPE OF JUDGMENT/ORDER APPEALED**

- [ ] DEFAULT JUDGMENT
- [ ] DISMISSAL/JURISDICTION
- [ ] DISMISSAL/MERITS
- [ ] SUMMARY JUDGMENT
- [ ] JUDGMENT/COURT DECISION
- [X] JUDGMENT/JURY VERDICT
- [ ] DECLARATORY JUDGMENT
- [ ] JUDGMENT AS A MATTER OF LAW
- [ ] OTHER (SPECIFY): _____

**RELIEF**

- [X] DAMAGES:
  - SOUGHT    $ _____
  - AWARDED $ 2,600,000
- [ ] INJUNCTIONS:
  - [ ] PRELIMINARY
  - [ ] PERMANENT
  - [ ] GRANTED
  - [ ] DENIED
- [ ] ATTORNEY FEES:
  - SOUGHT    $ _____
  - AWARDED $ _____
- [ ] PENDING
- [ ] COSTS:    $ _____

## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**

1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_____          July 2⅃, 2011
Signature                                  Date

## COUNSEL WHO COMPLETED THIS FORM

| NAME | Michael M. Plotkin | | |
|---|---|---|---|
| FIRM | LAW OFFICES OF MICHAEL M. PLOTKIN | | |
| ADDRESS | 1801 Avenue of The Stars, Suite 801 | | |
| CITY | Los Angeles | STATE CA | ZIP CODE 90067 |
| E-MAIL | mplot1@aol.com | TELEPHONE 310-551-4900 | |
| FAX | 310-551-0707 | | |

**\*\*THIS DOCUMENT SHOULD BE FILED IN DISTRICT COURT WITH THE NOTICE OF APPEAL. \*\***
**\*\*IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS.\*\***

Michael M. Plotkin – SBN 038170
E-Mail: mplot1@aol.com
Law Offices of Michael M. Plotkin
1801 Avenue of the Stars, Suite 801
Los Angeles, California 90067-5890
Telephone : (310) 551-4900
Facsimile : (310) 551-0707

Charles M. Coate – SBN 140404
E-Mail: ccoate@cacllp.com
Costa Abrams & Coate, LLP
1221 Second Street, Third Floor
Santa Monica, California 90404
Telephone : (310) 576-6161
Facsimile : (310) 576-6160

Attorneys for Defendants 144942 CANADA INC. dba
KAYTEL VIDEO DISTRIBUTION; ALAIN ELMALEH
and LEISURE TIME VIDEO CANADA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES JORDAN VIDEO, INC., a a California corporation and ASHLEY GASPER, an individual,<br><br>          Plaintiffs,<br><br>    vs.<br><br>144942 CANADA INC., a Canadian corporation dba KAYTEL VIDEO DISTRIBUTION; ALAIN ELMALEH an individual; LEISURE TIME VIDEO CANADA, INC., a Canadian corporation; and DOES 1 through 10 Inclusive,<br>          Defendants. | Case No. CV-05-6771 SJO (JTLx) Consolidated with: Case No. CV-05-0517 SJO (JTLx) and Case No. CV-05-6769 SJO (JTLx)<br><br>SUPPLEMENT TO CIVIL APPEALS DOCKETING STATEMENT - PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL |

I.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background for the instant matter is not in dispute.  Gasper is an adult movie actor who started making adult films in 1994.  *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1150 (9th Cir. 2010).  In 2001, he formed JJV, a corporation through which Gasper wrote, produced, directed and performed in his own films.  *Id.*  Gasper retained sole ownership of the company as president and sole shareholder of JJV.  *Id.*  Gasper and JJV filed suit against the alleged infringers, including  Kaytel, the company that fraudulently produced and distributed the counterfeit films and Elmaleh, Kaytel's majority shareholder and owner.  *Id.*  They also sued Leisure Time, a subsidiary of Kaytel, another entity formed by Elmaleh.  *Id.*

On September 4, 2007, the District Court granted Defendants' Motion for Judgment as a Matter of Law against Gasper and JJV.  Thereafter, the Court rendered judgment on November 26, 2007, against the Defendants for Gasper's claim for violation of his right to publicity.  After entry of judgment, both parties appealed.  The mandate from the Ninth Circuit reversing and remanding the Court's decision was filed on December 15, 2010.

On March 31, 2011, the District Court entered judgment against each defendant as statutory damages in the following amounts: (1) $390,000 against Kaytel; (2) $390,000 against Leisure Time; and (3) $1,820,000 against Elmaleh. Defendants prevailed on Gasper's claim for violation of his right of publicity.  On April 26, 2011, Defendants filed a timely motion for new trial or alternatively, to alter or amend the judgment.  Plaintiffs lodged an Opposition to the instant Motion on May 09, 2011.  The motion was denied without hearing by Order dated June 27, 2011.

II.

## PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL

1.     The Ninth Circuit Court of Appeals in a prior appeal ruled that the films were not works-for-hire. *Jules Jordan Video, et. al. v. 144942 Canada, Inc., et al.*, 617 F.3d 1146 (9th Cir. 2010).  On remand, the District Court assumed that under the Ninth Circuit ruling, Gasper was the author of the films.  To determine ownership, the Court must look to time-tested analysis to determine authorship of the works.  See, e.g., *Fleet v. CBS, Inc.*, 50 Cal.App.4th 1911 (1966) (Each of the performers in a film are the "Authors" of their individual copyrightable performers.). See also *Jules Jordan Video, et. al. v. 144942 Canada Inc., et. al.*, 617 F.3d 1146, 1154 (9th Cir. 2010). (citing *Fleet*)

The issues on this appeal are:

(a) Was the ruling of the District Court consistent with the Ninth Circuit's mandate that the films in question were not works-for-hire?

(b) Did the District Court err in failing to determine who was the author of the films?

(c) Inasmuch as the films are not works-for-hire, was the District Court correct in holding that Gasper was the owner?

2.      In a ruling entered by the District Court on October 24, 2007, the Court specifically held that the conduct of the three Kaytel Defendants was, as plaintiffs had alleged, the conduct of persons acting as agents or instrumentalities of each other.   In fact, this Court found that the three Kaytel Defendants were virtually alter egos of each other.  Based on its ruling, the District Court awarded plaintiffs damages "jointly and severally" against the three Kaytel Defendants for violation of Gasper's right of publicity.

The issue of the Trial Court's aggregation of damages for breach of Gasper's right of publicity was raised by defendants/appellants in their prior appeal to the Ninth Circuit Court of Appeals.  In its published Opinion, the Ninth Circuit Court of Appeals said that there was no need to address the damage issue inasmuch as the Circuit Court had reversed the Judgment against the Kaytel Defendants.   *Jules Jordan Video, et. al. v. 144942 Canada Inc., et. al., supra,* at 1155 (fn. 3).[1]

The Ninth Circuit never did address that issue in the context of an award of statutory damages for copyright infringement as that issue was not before it.  The Kaytel Defendants, in a petition for reconsideration, requested that the Ninth Circuit address the issue.   The Ninth Circuit, however, summarily denied the request for reconsideration citing procedural grounds.   The summary denial of

---

[1] "Because we vacate the damages award on the right of publicity claim, we need not examine appellants' argument that there was not enough evidence to support the verdict or that the award wasn't property (sic) apportioned."

petition for rehearing does not indicate that the court considered and decided the

issues presented in the petition so as to preclude further consideration by the

District Court on remand. See *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.

1995).

Given that the Kaytel Defendants have been held to be "virtual alter egos" of each other and that the actions of the corporate defendants were the acts of their principal officer, held  to be a virtual alter ego of the corporate defendants:

(a)    Are separate awards of statutory damages against each of the three Kaytel Defendants appropriate or are the plaintiffs merely entitled to a single award against the defendants jointly and severally? and

(b)    Does the award of $200,000 per work as statutory damages for copyright infringement violate the statutory maximum set forth in Section 504 (c) of the Copyright Act?

3.    On October 24, 2007, the District Court entered an Order stating in part the following:

". . . Because the parties do not disagree that Defendants should

be treated as joint tortfeasors, and because the facts of the case do not

compel a contrary conclusion, the Court will impose joint and several

liability."

**"('Law of** the **case** rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.') (citations)   Under this doctrine, '[i]ssues decided at an earlier state of the litigation, either explicitly or by necessary inference from the disposition of the issues, constitute the law of the case.'"  *Magnesystems, Inc. vs. Nikken, Inc.*, 933 F.Supp. 944 (C.D.Cal. 1996).

The decision of the District Court that the defendants acted jointly as joint tortfeasors is a specific decision made by the District Court and memorialized in its Order entered on October 24, 2007.  Whatever its future consequences may be, that determination is binding upon the parties and this Court, and is "the law of the case."

Given the award of vastly different amounts of damages as between the corporate defendants and the principal officer of the corporate defendants, is the current judgment consistent with the law of the case imposing joint and several liability among defendants?

4.   The damages awarded by the jury's verdict are statutory damages pursuant to 17 U.S.C § 504(c) and the District Court's judgment.   Statutory damages under 17 U.S.C § 504(c) are subject to a mandatory statutory limit of $150,000 per work willfully infringed.

The actions which Plaintiffs and the District Court attributed to Elmaleh were the actions of the president and sole shareholder of the defendant corporations.  Throughout the litigation, plaintiffs claimed that Elmaleh dominated those corporations and controlled their conduct, a relationship which the District Court concluded was "near alter ego."

"When statutory damages for copyright infringement are assessed against one defendant or group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work. *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir.1997) (reversed on other grounds), *Feltner v. Columbia Pictures TV*, 523 U.S. 340 (1998).

Given the District Court's determination that the three Defendants acted jointly and are to be held jointly and severally liable, does the Judgment exceed the amount of statutory damages permitted under Section 504 of the Copyright Act.

Dated:  July 25, 2011                          LAW OFFICES OF MICHAEL PLOTKIN
                                               COSTA ABRAMS & COATE, LLP

                                               By:    /s/  Michael M. Plotkin
                                                      Michael M. Plotkin
                                               Attorneys for Defendants 144942 Canada
                                               Inc. dba Kaytel Video Distribution, Alain
                                               Elmaleh and Leisure Time Video Canada,
                                               Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1221 Second Street, Third Floor, Santa Monica, California 90404.

     On  July 25, 2011, I served the foregoing documents described as: **CIVIL APPEALS DOCKETING STATEMENT; SUPPLEMENT TO CIVIL APPEALS DOCKETING STATEMENT – PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL** on all interested parties in this action by placing a true copy  thereof enclosed in sealed envelopes addressed as follows:

Gary J. Gorham, Esq.
LEADER GORHAM LLP
1990 South Bundy Drive, Suite 390
Los Angeles, California 90025

__X__  (BY MAIL)   I am readily familiar with the business practice for collection and  processing  of  correspondence  for  mailing  with  the  United  States  Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon  motion  of  a  party  served,  shall  be  presumed  invalid  if  the  postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

____  (BY FACSIMILE) I transmitted the foregoing document(s) from facsimile machine telephone number (310) 576-6160.  The transmission was reported as complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

__X__   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on July 25, 2011, in Santa Monica, California.

| | |
|---|---|
| __CHARLES M. COATE__ | _____/s/ Charles M. Coate_____ |
| (Type or Print Name) | Signature |